EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
JESSICA N. BLONIEN
Supervising Deputy Attorney General
DENISE A. YATES, State Bar No. 191073
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5531
  Fax: (415) 703-5843
  Email: Denise.Yates@doj.ca.gov
Attorneys for Respondent Ben Curry, Warden at the
Correctional Training Facility
SF2008200076

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ERNESTO LOPEZ,** | No. C 08-0012 VRW (PR) |
| Petitioner, | **RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| **BEN CURRY, Warden,** | |
| Respondent. | |

TO PETITIONER ERNESTO LOPEZ, IN PRO PER,

PLEASE TAKE NOTICE that Respondent Ben Curry, Warden at the Correctional Training Facility, moves this Court to dismiss the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 and Rules 2 and 4 of the Rules Governing § 2254 Cases in the United States District Courts, on the ground that not all of Losno's claims allege a federal question. This motion is based on the notice and motion, the supporting memorandum of points and authorities, the Petition for Writ of Habeas Corpus, the Court records in this action, and other such matters properly before this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Petitioner Lopez (E-10652) is a state inmate serving an indeterminate life sentence and is proceeding pro se in this matter. (Pet. 1-2.) In this case, Lopez challenges the Board of Parole Hearings's January 24, 2006 decision denying him parole. (Pet. 6c & Ex. A.) Lopez asserts six[1] grounds for relief in this Petition: (1) the Board's decision violates his due process rights because there is no evidence that he poses a current risk to public safety; (2) his continued confinement is unlawful because his maximum eligible parole date was set at April 28, 2003; (3) the Board's decision violates his due process rights because the Board relied on unchanging factors; (4) the Board's decision violated his due process rights when finding his crime to be especially heinous, atrocious, or cruel because that finding is inconsistent with his being housed at a level II facility; (5) the Board disregarded the "good time credit system" by failing to fix the length of time he is to serve; and (6) the Board's decision violated his Sixth Amendment right to a jury trial by finding that he committed a crime greater than that found by a jury. (Pet. 6c-6m.) This Court should dismiss Losno's second and fifth grounds for relief because they do not allege a federal question.

### ARGUMENT

**CLAIMS TWO AND FIVE SHOULD BE DISMISSED BECAUSE THEY DO NOT ALLEGE A FEDERAL QUESTION.**

This Court should dismiss claims two and five of the Petition because they do not allege a federal question. Federal habeas relief is not available to "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Moreover, a habeas petitioner may not transform a state law issue into a federal one merely by asserting a due process violation. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). In the second claim of this Petition, Lopez alleges that his maximum eligible parole date

---

1. Although Lopez lists seven grounds for relief, Ground Seven is substantially similar to Ground Four and thus, they can be addressed as a single claim. (*Compare* Pet. 6m, *with* Pet. 6i-l.)

1  was set at April 28, 2003, and therefore, his continued confinement is unlawful. (Pet. 6g-6h.)
2  But nowhere in this section of the Petition does Lopez assert a violation of the federal
3  constitution or cite to federal law in support of his claim. Thus, Lopez has not alleged a federal
4  question upon which federal habeas relief can be granted. 28 U.S.C. § 2254(a); *Baldwin v.*
5  *Reese*, 541 U.S. 27, 32 (2004). Similarly, Lopez cites only California law in support of his fifth
6  claim that the Board disregarded the "good time credit system" by failing to fix the length of time
7  he is to serve. (Pet. 6l.) Therefore, because Lopez's second and fifth claims are not based on
8  federal law, federal habeas relief is not warranted, and these claims should be dismissed.

## CONCLUSION

This Court should dismiss Lopez's second and fifth grounds for relief because they do not allege a federal question.

Dated: July 29, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

JESSICA N. BLONIEN
Supervising Deputy Attorney General

*/s/ Denise A. Yates*
DENISE A. YATES
Deputy Attorney General

Attorneys for Respondent Ben Curry, Warden at the Correctional Training Facility

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Lopez v. Curry**

No.:   **C 08-0012 VRW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **July 30, 2008**, I served the attached

### RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Ernesto Lopez, E-10652**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA  93960-0689**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **July 30, 2008**, at San Francisco, California.

| J. Palomino | *signature* |
|---|---|
| Declarant | Signature |

20129306.wpd